(C. D. 544)

LEON MEYER, INC. *v.* UNITED STATES

United States Customs Court, Second Division

(Decided October 22, 1941)

*Siegel & Mandell* (*Samuel T. Siegel* of counsel) for the plaintiff.
*Charles D. Lawrence*, Acting Assistant Attorney General (*Joseph E. Weil*, special attorney), for the defendant.

Before TILSON, KINCHELOE, and DALLINGER, Judges

KINCHELOE, Judge: The merchandise here in question is invoiced as "Hemmed linen stable rubbers" imported by Leon Meyer, Inc., from J. N. Richardson Sons & Owden, Ltd., of Belfast, Ireland. Duty was assessed thereon at 55 per centum ad valorem under the provision of paragraph 1014 of the Tariff Act of 1930 for "towels and napkins, finished or unfinished, wholly or in chief value of flax, hemp, or ramie." The merchandise is claimed to be dutiable under paragraph 1023 of said act, as manufactures in chief value of vegetable fiber, other than cotton, not specially provided for.

Upon the trial herein counsel for the plaintiff stated that the involved merchandise was identically the same as that covered by protest 912007–G, Abstract 40332, and that it is from the same shipper and imported by the same importer. Whereupon counsel for the plaintiff moved for the incorporation of the record in said Abstract 40332 as part of the record in the present case, which was consented to by counsel for the Government. The plaintiff then rested.

According to exhibit 1, the official sample of the merchandise in said incorporated case, the merchandise in question consists of pieces of linen cloth 35 inches long and 28 inches wide, with a double colored striped border along the four sides. In the center of the cloth are woven the words "Stable Rubber" in white on a blue background in the form of a stripe running lengthwise the fabric. The two sides have fast edges, while the two ends are hemmed, indicating that the articles have been woven in the piece as completed articles, and then cut apart and hemmed. Exhibit 1 also has a cotton tape loop attached to it, evidently as a hanger.

In Abstract 40332 the claim for classification of the merchandise as manufactures in chief value of flax, not specially provided for, was sustained on the uncontradicted testimony of one Gregory Kearney, manager of the importing firm, manufacturers of equipment used in connection with horse racing. He stated that exhibit 1 was used for placing on the horse's back under the saddle to prevent the saddle from sliding and cutting the horse, and that for such purpose slips of rubber were attached to the article, as shown by illustrative exhibit A in that same case. The witness further stated that he had never used or seen the said merchandise used for rubbing, washing, drying, or cleaning a horse during his 12 years' connection with the importing firm.

In the present instance the Government produced as a witness Mark Hancher, importer of English saddlery for 40 years. He testified that he has bought and sold so-called saddle rubbers similar to said exhibit 1 for 20 years, and that he has also imported them; that he sold them mostly to horse people; that during the same time he has seen the article used for glasses, for the kitchen, and for stables,

as a towel; that in stables they are used to wipe the sweat off horses when they come in from a race or from exercise, and that that has always been the chief use of such articles.

We think it cannot be denied that the foregoing testimony is more fully in accord with the said exhibit itself than was the testimony of plaintiff's sole witness in said prior case, Abstract 40332, as it only requires a casual glance to see that the article in question is ideal for almost any towel purpose, except that, being intended for horse use, it is perhaps a little larger and heavier in weight than other linen towels. Undoubtedly, however, it fulfills all the essentials of a towel, as evident from the following definition of that term in the New Standard Dictionary, 1930:

Towel, n. 1. A cloth, usually of linen, for drying anything by wiping—especially after washing it; as, a bathing towel; dish towel.

In our opinion the record presented in the present instance fully supports the collector's classification of the merchandise as linen towels under said paragraph 1014 of the act of 1930. The claim of the plaintiff under said paragraph 1023 is therefore overruled. Note Abstract 51236 (49 Treas. Dec. 1128).

Judgment will be rendered accordingly.